### GAMBLE v. HINE.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

MASTER AND SERVANT—DANGEROUS MACHINERY—DUTY TO WARN SERVANT.
    Where the servant is of such tender years as not to fully appreciate the dangerous character of the machinery which he is put to operate, it is the duty of the master to admonish and instruct him; and where the evidence is conflicting as to the fact of such instruction, a verdict for plaintiff will not be disturbed.[1]

Appeal from circuit court, New York county.

Action for personal injuries by Frank A. Gamble against Edward Hine. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Edwin B. Smith,* for appellant. *Ashton & Fromme,* for respondent.

MACOMBER, J. When the plaintiff received the personal injuries which form the basis of this action he was a lad of the age of 14 years and 9 months. It was the duty of the defendant, in employing a boy of such tender years to work upon dangerous machinery, to give him full and explicit instructions; not only to enable him to master the mechanism, but also to enable him to avoid injuries by unnecessarily exposing himself to danger. Had the defendant thus instructed him he would have discharged the whole of the obligation which he, as employer, owed to the employe. The plaintiff was of sufficient years, manifestly, to have understood and appreciated fully, not only the dangerous character of the business in which he was employed, but also of sufficient intelligence to understand and apply in practice the admonitions of his employer. Hence it was of the primest importance in the trial of the action that the court and jury should be instructed by evidence upon the question whether the defendant had placed before the boy the proper facts to have enabled him to appreciate the dangerous business in which he was employed. Though the pressure upon the treadle of the machine, while the operator's hand was beneath the weight, would to an experienced eye seem to be apparently dangerous, it did not necessarily convey to a boy of these tender years the admonition which it was the duty of the employer to make to him. Had the plaintiff been a person of experience and of mature years, the case before us would be essentially different, and the employer would doubtless be exempt from liability. In the evidence it is shown on the one hand that the boy was

---

[1] Concerning the duty of the master to give instructions to an employe, to the end that the latter may perform the duties assigned him with safety to himself, see Foster v. Pusey, (Del.) 14 Atl. Rep. 545, and note. See, also, Berger v. Railway Co., (Minn.) 38 N. W. Rep. 814, and note. As to the master's duty to provide safe and proper arrangements and machinery, see Improvement Co. v. Smith's Adm'r, (Va.) 7 S. E. Rep. 365, and note; Railway Co. v. Crenshaw, (Tex.) 9 S. W. Rep. 262, and note.

put at work blindly, and without any instructions as to the dangerous character of the machinery, and of the means of avoiding the danger, and was left to feel his own way, without instruction or suggestion as to the danger or how to protect himself against it, while the evidence in behalf of the defendant, particularly of his foreman and of two other persons, was to the effect that the plaintiff was given specific instructions, not only how to work the machine, but also as to the danger involved. This presented a case of clear conflict of testimony which the court was in duty bound to submit to the jury. After an examination of the evidence we do not feel justified in saying that the jury has rendered their verdict without evidence, or against the weight of the evidence, taking the interest of the parties and the circumstances of the case into account. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, JJ., concur.