The New Albany Forge and Rolling Mill *v.* Cooper, by Next Friend.

No. 15,100.

THE NEW ALBANY FORGE AND ROLLING MILL *v.* COOPER, BY NEXT FRIEND.

MASTER AND SERVANT.—*Action for Damages.—Injury of Infant.—Contributory Negligence.—Danger Known to Defendant.—Complaint.*—In an action by a minor, by his next friend, to recover damages occasioned by a personal injury, the complaint alleged that the appellee, who was an infant, without knowledge or experience of the dangerous properties of hot slag or cinder, was employed by the appellant to carry and wheel away from a furnace, and dump upon adjacent ground, a part of which was covered with water, hot slag; that the appellant, with knowledge that such slag was liable to explode and injure the appellee, if it came in contact with damp earth or water, negligently failed to instruct the appellee as to his duties, or to warn him of the danger of handling such slag, or to give him any instructions which would enable him to safely perform his duties; that the appellee was injured by the hot slag coming in contact with a small quantity of water which had collected on the surface of the ground at the point where he was directed to deposit the slag.

*Held*, that from the allegations concerning the ignorance of the appellee there was nothing in the complaint from which it could be averred that he was guilty of negligence.

*Held*, also, that as the place where the appellee was directed to deposit the hot slag is alleged to have been covered by water, the presumption is that such fact was known to the appellant.

SAME.—*Existence of Dangers.—Duty of Master to Warn Infant.*—Where a master takes an infant into his service, the law imposes upon him the duty of explaining to him fully the hazard and dangers connected with the business, and of instructing him how to avoid them.

SAME.—*Hiring by Independent Contractor.—Effect of.*—The fact that the appellee was not independent of the appellant in so far as that it might require his discharge for failure to do his duty while at work, did not necessarily make him the servant of the appellant when he was employed by an independent contractor. To make him such there must have been a contract between him and the appellant, either express or implied.

CONTRACT.—*Independent Contractor.—Negligence.*—Where one lets a contract to another to do a particular work, reserving to himself no control over such work except the right to require it to conform to a particular standard when completed, he is not liable for the negligence of the party to whom the contract is left.

The New Albany Forge and Rolling Mill *v.* Cooper, by Next Friend.

From the Floyd Circuit Court.

*G. V. Howk* and *A. Dowling,* for appellant.

*C. L. Jewett, H. E. Jewett* and *J. F. Marsh,* for appellee.

COFFEY, J.—This was an action by the appellee, a minor, by his next friend, against the appellant, to recover damages occasioned by a personal injury. The complaint alleges, in substance, that the appellee, who was an infant, without knowledge or experience of the dangerous properties of hot slag or cinder, was employed by the appellant, a corporation engaged in forging and rolling iron, to carry and wheel away from a furnace, and dump upon adjacent ground, a part of which was covered with water, hot slag and cinder; that the appellant, with knowledge that such slag and cinder were liable to explode and injure the appellee if they came in contact with damp earth or water, negligently failed to instruct the appellee as to his duties, or to warn him of the danger of handling such slag and cinder, or to give him any instructions which would enable him to safely perform his duties; that on the third day of his service, and while he was, by the direction of the appellant's foreman, engaged in wheeling away and dumping, at the place where he was directed to deposit the same, hot iron slag, it came in contact with a small quantity of water which had collected on the surface of the ground at that place, and at once exploded with force and violence, burning and wounding the appellee, and destroying his eyesight, etc.; that the appellee's injuries were caused solely by the negligence of the appellant, and without any fault or negligence on the part of the appellee.

A trial of the cause resulted in a verdict for the appellee, upon which the court, over a motion for a new trial, rendered judgment.

The assignment of errors calls in question the propriety of the ruling of the circuit court in overruling a demurrer to the complaint, and in overruling the appellant's motion for a new trial.

The New Albany Forge and Rolling Mill *v.* Cooper, By Next Friend.

The objections urged to the complaint are, that it does not appear therefrom that the appellant knew or had the opportunity of knowing that there was, at or before the accident therein described occurred, any water or damp earth upon the dumping ground, and that it does appear from the allegations in the complaint that the appellee was guilty of contributory negligence.

Much of the argument against the sufficiency of this complaint is addressed to matters which could not arise except on motion to make the complaint more specific, and do not, therefore, arise upon demurrer.

We think the complaint states a cause of action. In view of its allegations in relation to the ignorance of the appellee, there is nothing in it from which it can be inferred that the appellee was guilty of negligence. As the place the appellee was directed by the appellant to dump the slag and cinder is alleged to have been covered by water, the presumption is that such fact was known to the appellant.

Judge Thompson, in his work on Negligence, vol. 2, p. 977–8, says: "The law imposes upon the master, when he takes an infant into his service, the duty of explaining to him fully the hazard and dangers connected with the business, and of instructing him how to avoid them. * * The master will not have discharged his duty in this regard unless the instructions and precautions given are so graduated to the youth, ignorance, and inexperience of the servant as to make him fully aware of the danger to him, and to place him, with reference to it, in substantially the same situation as if he were an adult." So, in the case of *Thall* v. *Carnie,* 5 N. Y. Sup. 244, it was said: "When a master engages an inexperienced servant, especially if of tender years and presumed ignorance, and places him in a place of latent or obscure danger, it is the duty of the master to instruct the servant how to do the work, and at the same time be on his guard against the danger, and he is liable for injuries occasioned by failure to give such instructions." See, also,

*Cleveland, etc., Co.* v. *Corrigan,* 20 N. E. Rep. 466; *Gamble* v. *Hines,* 50 Hun, 604.

It was assigned as reasons for a new trial:

*First.* That the damages assessed were excessive.

*Second.* That the verdict of the jury was not supported or sustained by sufficient evidence.

*Third.* That the verdict was contrary to law.

*Fourth.* That the court erred in giving, in refusing to give, and in modifying instructions.

The first reason assigned is not argued, and for that reason is waived.

The evidence in the cause, as it comes to us, establishes the following facts : the appellant is the owner of a rolling mill in the city of New Albany, in which scrap-iron is heated and rolled into bars suitable for the market. It furnishes the furnaces, rollers, scrap-iron and fuel necessary to carry on the business. At the time of the accident in question the appellant had a contract with one Murphy, by the terms of which the appellant furnished to him the scrap-iron, properly assorted and arranged, to be put into the furnace to be heated to the proper temperature for squeezing and rolling. The appellant was also to furnish the necessary fuel and heat to heat the iron, and Murphy's contract required him to heat it properly, and deliver it at the squeezer, where it was squeezed and delivered to the rollers to be rolled into bars. By the terms of this contract Murphy received a stipulated price for each ton heated by him. In placing the iron in the furnace, taking it out, delivering it at the squeezer and removing the slag and cinder, Murphy required assistance. This assistance was hired and paid for by himself at such price as he and his helpers might agree upon. One of Murphy's regular helpers being ill, the appellee was hired by Murphy to take his place temporarily. On the third day of his employment he dumped some slag into a small pool of water, when an explosion took place, resulting in serious and permanent injuries to the appellee.

The evidence tends to show that when hot slag is dumped upon damp ground or into water it is liable to explode, and is very dangerous.  Of this tendency the appellee, it is claimed, was ignorant, and was not informed of the fact either by the appellant or Murphy.  He was, at the time of the accident, about nineteen years old.  The appellant's business was under the control and management of a general superintendent, who managed the rolling mill and the forge works connected therewith, while the rolling mill was under the immediate control of a superintendent appointed for that purpose.  It was part of the business of the superintendent of the rolling mill to see that those who had contracts for heating iron did a certain amount of work each day, and that it was properly done.  He also had power to discharge such heaters, but had nothing to do with hiring their helpers, keeping their time or paying them.

At the proper time the appellant asked the court to give the jury the following instruction :

" The company had the right to make any contract or arrangement it saw fit for the management of any part of its business, and for the carrying on of any department of its work, and if it did make a contract with Andrew Murphy, or with any other person, to act as heater, and to heat its iron in its furnaces, giving to him control over that part of its machinery and business, and paying him therefor by the ton ; and if under that arrangement Murphy hired his own men and paid their wages out of his own moneys ; and if Murphy, in the course of his business under this contract hired the plaintiff, Cooper, and was to pay Cooper for his work, then Murphy was the master and employer of Cooper, and not the Forge and Rail Mill Company, and there should be a verdict for the defendant."

The court refused to give this instruction as asked, but modified the same by adding thereto the words, "And had control of his services independent of the company," and gave same as modified.

It is well settled that where one lets a contract to another to do a particular work, reserving to himself no control over such work except the right to require it to conform to a particular standard when completed, he is not liable for the negligence of the party to whom the contract is let. *Vincennes Water Supply Co.* v. *White,* 124 Ind. 376; *Wabash, etc., R. W. Co.* v. *Farver,* 111 Ind. 195; *Ryan* v. *Curran,* 64 Ind. 345; Wharton Negligence, section 181; 2 Thompson Negligence, 892–899; *Blake* v. *Ferris,* 5 N. Y. 48; *Pack* v. *Mayor, etc.,* 8 N. Y. 222; *King* v. *New York Central R. R. Co.,* 66 N. Y. 181; *Town of Pierrepont* v. *Loveless,* 72 N. Y. 211.

In the case of *Wabash, etc., R. W. Co.* v. *Farver, supra,* Williams was employed to use his portable engine, at a given price *per diem,* to pump water, furnishing his own help. He was required, by the terms of his contract, to pump at such times as should be necessary to enable the employees of the railway company to prosecute certain work in which they were engaged. It was held that he was an independent contractor within the meaning of the rule above stated, and that the railway company was not responsible for his negligence.

Under the facts in this case we think Murphy was an independent contractor under the rule we are now considering, and for that reason the court erred in refusing to give the instruction asked by the appellant. The modification was, we think, well calculated to mislead the jury. While it is shown that the appellee was employed by Murphy, and that the appellant could not discharge him, there is evidence in the record tending to show that if, in the opinion of the immediate superintendent, he was not doing his duty as a helper, such superintendent had the power to discharge Murphy if he, upon request, refused to discharge the appellee.

Under the instruction as modified the jury might well have concluded that this fact would render the appellant liable for the negligence of Murphy in failing to inform the appellee of the danger attending the work of dumping slag.

The New Albany Forge and Rolling Mill *v.* Cooper, by Next Friend.

The complaint proceeds upon the theory that the appellee was the employee of the appellant, and that the appellant had been guilty of negligence in failing to give him certain information and instructions, and if he is entitled to recover at all in this action it must be upon that theory. The fact that he was not independent of the appellant, in so far as that it might require his discharge for a failure to do his duty while at work in the mill, did not necessarily make him the servant of the appellant. To make him such there must have been a contract between him and the appellant, either express or implied. If he was the servant of the appellant, then the appellant was liable for his wages, whereas we have seen that he was employed by Murphy at an agreed price, and was to be paid by Murphy at his own expense. The instruction as modified may have led the jury to the conclusion that as the appellant could compel the discharge of the appellee, he was, for that reason alone, its servant in such a sense as to render it liable in this case.

We do not think the court erred in refusing to give instruction number eight, as asked, and in modifying the same as it was given.

For the error of the court in refusing to give instruction number four as asked by the appellant, and in giving the same as modified, the judgment of the circuit court must be reversed.

Judgment reversed, with directions to the circuit court to grant a new trial.

Filed Feb. 16, 1892; petition for a rehearing overruled April 22, 1892.