No. 1,550.

DEHORITY *v.* WHITCOMB.

PLEADING. — *Complaint.* — *Damages.*—*Defective Building.*—A complaint in an action for negligence for failing to properly support the roof of a building, whereby the plaintiff was injured, which alleges that the defendant did not provide proper support for and brace the roof of the building so as to resist and bear the weight placed thereon, is sufficiently specific as showing wherein the building was defective.

MASTER AND SERVANT.—*When Such Relation Exists.—Carpenter.— Erection of Building.*—The relation of master and servant exists between the owner of a building in process of construction and a carpenter employed thereon as one of the force of a contractor employed to do the carpenter work, the owner paying him for the number of men employed, where the owner had the management and direction of the work and the men were under his supervision and control.

BILL OF EXCEPTIONS.—*Time for Filing.—Judge's Certificate.—Record.* —If the bill of exceptions is filed after the term at which the judgment was rendered and the record entries do not show that time was given in which to file it, a statement in the bill itself, that time was given and that it was filed within the time allowed, is not sufficient to make the bill a part of the record.

From the Madison Circuit Court.

*Goodykoontz & Ballard,* for appellant.

*Chipman & Walker,* for appellee.

LOTZ, J.—The appellee, plaintiff below, recovered a judgment against the appellant for personal injuries sustained on account of the alleged negligence of appellant.

The first assignment of error calls in question the sufficiency of the complaint to withstand a demurrer for want of facts.

The complaint avers that in November, 1892, the defendant was engaged in the erection and construction of a two-story brick business block in the city of Elwood, the property of the defendant; that in the erection and construction of the building the defendant employed one E. R. Coxen, a contractor of said city, with his workmen, to do the carpenter work on the building, the defendant paying Coxen for the men so employed; that in the erection and construction of said building the defendant had the management and control of the same, he employing the said Coxen and his force of men to do the work, the said Coxen and his men being under the supervision and control of the defendant, and the defendant paying a certain amount per day for each workman so engaged thereon; that the plaintiff was in the employ of said Coxen and under the direction of said Coxen and the defendant, and was at work on said building as a carpenter; that said building was being covered with slate; that the plaintiff was engaged at work in the second story of the building, and that while so engaged, without the knowledge of the plaintiff, the defendant caused to be placed on the roof of said building, over the place where the plaintiff was at work, a large quantity of roofing slate; that in the erection and construction of the building the defendant had no plans or specifications therefor prepared by an architect, but had the building and all parts thereof constructed upon plans prepared by himself; that in the erection and con-

struction of said building the defendant was negligent and careless in this : that he did not provide proper support for and brace the roof of said building so as to resist and bear the weight to be placed thereon, and by reason of the negligent, careless, improper and insufficient plan and construction of said building, and by reason of the defendant's carelessness and negligence in placing and causing to be placed on the roof of the building, over the place where the plaintiff was at work, a large quantity of slate, the roof at said place gave way and the roof and slate fell upon the plaintiff and he was thereby crushed to the floor, his right leg broken, his ribs broken and his skull fractured, all without any fault or negligence on his part.

Appellant's counsel insist that the averments do not show that the defendant owed the plaintiff any duty ; that no relation of master and servant or of principal and agent is shown to exist between them ; that Coxen, according to the averments, was an independent contractor, and that the appellee was his servant.

It is well settled that where one lets a contract to another to do a particular lawful work, reserving to himself no control over such work, except the right to require it to conform to the contract or a particular standard when completed, he is not liable for the negligence of the contractor. *Park* v. *Board, etc.*, 3 Ind. App. 536 ; *Ryan* v. *Curran*, 64 Ind. 345 ; *Wabash, etc., R. W. Co.* v. *Farver*, 111 Ind. 195 ; *New Albany, etc.*, v. *Cooper*, 131 Ind. 363. But this rule does not apply where the work contracted to be done is unlawful or a nuisance *per se*, nor where the contract directly requires the performance of work intrinsically dangerous, however skilfully performed. *Park* v. *Board, etc., supra.*

The work described in the complaint is neither unlawful nor intrinsically dangerous. The complaint, how-

Dehority *v.* Whitcomb.

ever, will not bear the construction appellant contends for. The averments do not make Coxen an independent contractor as to any particular piece of work; he is no more than a foreman of the builder, or of the defendant. The acts of negligence are charged directly against the defendant. Whilst the averments are not clear and certain, we are of the opinion that the fair import is that the plaintiff was the servant of the defendant.

The overruling of appellant's motion to make the complaint more specific is one of the errors assigned. This motion requested the court to require the plaintiff to make his complaint more specific and to state definitely what portion of the roof of the building was defective and what part gave way, and to state the amount of the weight placed thereon, and to state whether it was the brick work or the frame work that was defective. The complaint avers that the defendant did not provide proper support for and brace the roof of the building so as to resist and bear the weight placed thereon. This sufficiently shows wherein the building was defective and apprised the defendant of what he was required to meet.

There was no error in overruling this motion.

The overruling of appellant's motion for a new trial is the last error assigned.

The only reasons for a new trial are that the verdict is contrary to the evidence and contrary to the law, and that the court erred in giving certain instructions to the jury.

It requires a consideration of the evidence to determine the questions raised by the motion for a new trial.

The appellee makes the point that the bill of exceptions containing the evidence is not properly a part of the record.

The transcript shows that the judgment was rendered

at the December term, 1893, and that on the 1st day of January, 1894, being the first day of the next term, the appellant filed his motion for a new trial. The motion was overruled on that day and the judgment rendered. The appellant did not ask for time in which to file a bill of exceptions, nor was any given. Afterward, and at the next following term of the court, the appellant filed his bill of exceptions. The certificate of the presiding judge states that the bill of exceptions was presented and signed within the time allowed.

It is settled by the adjudications that when a bill of exceptions is presented, signed and filed at the term of court at which the rulings of the court complained of were made, it is sufficient, although the record is silent as to time being given. Under such circumstances this court will presume that time within the term was given by parol, and that it was presented within the time so allowed. *Dodge* v. *Morrow* (41 N. E. Rep. 967); *Noblesville, etc., Co.* v. *Teter*, 1 Ind. App. 322.

It is also well settled that when the bill is filed after the term and the record entries do not show that time was given in which to file it, a statement in the bill itself that time was given and that it was filed within the time allowed is not sufficient. *Applegate* v. *White*, 79 Ind. 413; *Jones* v. *Jones*, 91 Ind. 72; *Engleman* v. *Arnold*, 118 Ind. 81.

The bill of exceptions containing the evidence is no part of the record.

Judgment affirmed.

Filed November 19, 1895.