Jana BERNHARDT, Appellant
(Plaintiff Below),

v.

STATE of Indiana, a Governmental Entity, Indiana Department of Correction, an Agency of the State of Indiana, Indiana Girls' School, a Division of the Indiana Department of Correction, Robert D. Orr, Governor of the State of Indiana, Gordon H. Faulkner, Commissioner of the Indiana Department of Correction, Thomas D. Hanlon, Superintendent of the Indiana Girls' School, and Ina Moseley, Principal of the Indiana Girls' School, Appellees (Defendants Below).

No. 4–1184A326.

Court of Appeals of Indiana,
Fourth District.

July 11, 1985.
Rehearing Denied Aug. 28, 1985.

Monette E. Draper, Pollen, Brazill, Impicciche & Bennett, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Sabra A. Weliever, Deputy Atty. Gen., Indianapolis, for appellees.

CONOVER, Judge.

Plaintiff-Appellant, Jana Bernhardt (Bernhardt), appeals the Ind. Rules of Procedure, Trial Rule 12(B)(6) dismissal of her claim.

We reverse.

ISSUE

At issue here is whether the judgment of dismissal was contrary to law.

FACTS

Bernhardt was employed as a horticulture teacher at the Indiana Girls School in August, 1982. Her employment was terminated June 6, 1983. Bernhardt then sued the State of Indiana, the Indiana Department of Correction, the Indiana Girls School, Robert D. Orr, Governor of the State of Indiana, Gordon H. Faulkner, Commissioner of the Indiana Department of Correction, Thomas D. Hanlon, Superintendent of the Indiana Girls School and Ina Mosley, Principal of the Indiana Girls School (State), alleging five counts of wrongful discharge.

The State initially filed a motion to dismiss under T.R. 12(B)(2) and T.R. 12(B)(6). Later, it filed another motion to dismiss solely under T.R. 12(B)(6).[1] The second motion was accompanied by a memorandum and the affidavit of David L. DeLong, keeper of all tort claim notices sent to the office of the Attorney General. DeLong's affidavit stated no notice of tort claim had been filed with the Attorney General's office under IND.CODE 34-4-16.5-6.

Following a hearing and oral argument, the court granted the State's motion to dismiss under T.R. 12(B)(6) and entered a judgment of dismissal.

DISCUSSION AND DECISION

The filing of DeLong's affidavit, a matter outside the pleadings not excluded by the court, converts the State's motion to dismiss into a motion for summary judgment under T.R. 56, *cf.* T.R. 12(B). *In re Marriage of Murray* (1984), Ind.App., 460 N.E.2d 1023; *Gregory & Appel, Inc. v. Duck* (1984), Ind.App., 459 N.E.2d 46. Summary judgment is appropriate only where there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. E.g., T.R. 56, *Taylor-Chalmers, Inc. v. Board of Commissioners of LaPorte County* (1985), Ind. App., 474 N.E.2d 531; *Penwell v. Western & Southern Life Ins. Co.* (1985), Ind.App., 474 N.E.2d 1042. The proponent of the motion bears the burden of proof.[2] *Burdsall v. City of Elwood* (1983), Ind.App., 454

---

1. Failure to state a claim upon which relief can be granted.

2. Appellee states "plaintiff has not shown any reason why her complaint should *not* have been dismissed." (Emphasis included in appellee's brief at 4). Because the State moved to dismiss the claim, it bore the burden of proof in the trial court. Here, the burden of demonstrating reversible error is on appellant Bernhardt. See, *Raymundo v. Hammond Clinic Association*

N.E.2d 434, 435. All facts alleged by the nonmoving party are regarded as true. All doubts are resolved against the moving party. *Burdsall*, 454 N.E.2d at 435; *Galovick v. State* (1982), Ind.App., 437 N.E.2d 505, 506.

Bernhardt claims the State breached her employment contract

(1) by terminating her employment during a supervisor-promised probationary period,

(2) in retaliation for speaking with employee representatives and the State Board of Accounts concerning perceived irregularities at the Indiana Girls School,

(3) because she refused to

(a) disobey the law requiring assistance and cooperation in public inquiries, IND. CODE 4–15–2–38,

(b) commit perjury concerning IND. CODE 4–10–17–2, and

(c) commit conspiracy to violate IND. CODE 5–11–6–3,

(4) because she exercised her constitutionally-protected right to free speech, and

(5) because she exercised her right to freedom of association.

The State argues Bernhardt's claim is barred for failure to comply with the notice provisions of the Indiana Tort Claims Act, IC 34–4–16.5–5. Bernhardt in turn argues the act does not apply. We agree.

■ Bernhardt's relationship with the State is contractual. See, *City of Terre Haute v. Brighton* (1983), Ind.App., 450 N.E.2d 1039, 1040–1041; *City of Michigan City v. Austin* (1982), Ind.App., 442 N.E.2d 705, 714, *reh. denied; Wencke v. City of Indianapolis* (1981), Ind.App., 429 N.E.2d 295, 297, *reh. denied; Foley v. Consolidated City of Indianapolis* (1981), Ind.App., 421 N.E.2d 1160, 1163, *trans. denied; State ex rel. Crooke v. Lugar* (1976), 171 Ind.App. 60, 354 N.E.2d 755, 761, *reh. denied; State ex rel. Palm v. City of Brazil*

(1983), Ind., 449 N.E.2d 276, 280. As noted

(1947), 225 Ind. 308, 315, 73 N.E.2d 485, 488. *Cf., New Albany Forge and Rolling Mill v. Cooper* (1892), 131 Ind. 363, 369, 30 N.E. 294, 296; *Miller v. State* (1972), 153 Ind.App. 54, 61, 285 N.E.2d 843, 847; *Michel v. Forde* (1963), 135 Ind.App. 360, 372, 191 N.E.2d 507, 513; *McDowell v. Duer* (1922), 78 Ind.App. 440, 444, 133 N.E. 839, 840; *Rogers v. Rogers* (1919), 70 Ind.App. 659, 668, 122 N.E. 778, 780.

■ The terms and conditions of an employment contract include all relevant statutory provisions as if such provisions were strictly set out in the contract. *See, e.g., Morrison v. McMahon* (1985), Ind. App., 475 N.E.2d 1174; *Foley v. Consolidated City of Indianapolis*, 421 N.E.2d at 1163; *Wencke v. City of Indianapolis*, 429 N.E.2d at 297. A State employee's contract is regulated by the terms of the state personnel act, IND.CODE 4–15–2–1 through 4–15–2–46, and the regulations related thereto, 31 I.A.C. 1–1–1 et seq.

■ Bernhardt's complaint here states a claim under her contract of employment. It is sufficient to put the State on notice thereof. *See, e.g., Beta Alpha Shelter of Delta Tau Delta Fraternity, Inc. v. Strain* (1983), Ind.App., 446 N.E.2d 626, 629; *Finley v. Chain* (1978), 176 Ind.App. 66, 76, 374 N.E.2d 67, 76. Here, any duties between Bernhardt and the State arose out of the employer-employee contractual relationship. The claim may involve constitutional rights but the action arises from the employment relationship and sounds in contract, not tort. *See Brighton*, 450 N.E.2d at 1040, 1041. No notice under the Tort Claims Act was required.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER, P.J., and YOUNG, J., concur.

below, she has met that burden.