Robert COLLIER, Appellant,

v.

M. PRATER and Richie Collins, City of Indianapolis, et al., Appellee.

No. 49S02–8910–CV–753.

Supreme Court of Indiana.

Oct. 11, 1989.

Aaron E. Haith, Indianapolis, for appellant.

Marilyn A. Moores, City–County Legal Div., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Robert Collier filed suit in Marion Municipal Court for injuries he claimed to have received when he was arrested on July 16, 1985 by two officers from the Indianapolis Police Department. He was subsequently charged with carrying a handgun without a license. I.C. 35–47–2–1. His complaint alleged that appellees Prater and Collins used excessive force in controlling and handcuffing him. Appellees filed a motion for summary judgment on the grounds that Collier had not given them proper notice as required under the tort claims act. I.C. 34–4–16.5–1 *et seq.*

The trial court granted their motion, and in a memorandum decision, the Court of Appeals, affirmed. We grant transfer and reverse.

Collier raises three issues on appeal. He argues that his notice to the appellees of his intent to sue was timely and substantially complied with the statutory requirements, that the Court of Appeals decision was erroneous since its effect was to remove a statutory obligation upon the city to investigate a potential claim against the city, and that the trial court applied an erroneous standard in granting summary judgment and wrongly based its decision on unsworn facts. Because we find that Collier's notice was in substantial compliance with the statutory requirements, we do not reach the other issues raised by him.

The tort claims statute provides that a suit against a municipality is barred unless notice of the claim is given to the governing body within 180 days of the loss. I.C. 34–4–16.5–7. It further provides that the notice must contain a number of details concerning the loss, including the names of those involved, the extent of the loss, the time and place of the loss, the circumstances that brought about the loss, the amount of damages sought and the residence of the person making the claim. I.C. 34–4–16.5–9.

■ In construing a forerunner of the present law, I.C. § 48–8002 (Burns 1933), this Court has noted that requirements such as these are in derogation of the common law and are to be strictly construed against limitations on a claimant's right to bring suit. *Sherfey v. City of Brazil* (1938), 213 Ind. 493, 13 N.E.2d 568. In *Galbreath v. City of Indianapolis* (1970), 253 Ind. 472, 255 N.E.2d 225, again in construing a forerunner to the present statute, I.C. § 48–8001 (Burns 1963), we noted:

> The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied.*

*Id.*, 253 Ind. at 479–80, 255 N.E.2d at 229 (emphasis in original). Thus, a notice is sufficient if it substantially complies with the content requirements of the statute. What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination. In general, a notice that is filed within the 180 day period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonably affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

■ Accordingly, in *Galbreath* we held that a notice directed to a city's legal department was sufficient even though the statute required notice to the mayor. *Id.* Similarly, in *Indiana State Highway Commission v. Morris* (1988), Ind., 528 N.E.2d 468, we held that the failure of the plaintiff to file a notice with the office of the attorney general as required did not bar a claim where the governmental unit being sued, the state highway commission, sent a copy of the notice to the attorney general. However, where a plaintiff, within the 180 day period, fails to file any notice of an intent to make a claim, actual knowledge of the occurrence on the part of the city, even when coupled with an investigation of the occurrence, will not suffice to prove substantial compliance. *Geyer v. City of Logansport* (1977), 267 Ind. 334, 370 N.E.2d 333.

The issue of what constitutes substantial compliance where the content of the notice is being challenged has not been squarely before this Court. In *City of Indianapolis v. Satz* (1978), 268 Ind. 581, 377 N.E.2d 623, the claimant signed an agreement releasing the city of liability and then later filed suit against others involved and then added the city as a party after the notice period had elapsed. The claimant argued that a letter he had written to the city shortly after the incident in question occurred, coupled with the release, constituted substantial compliance with the notice requirements. The claimant's letter, however, was just an ordinary complaint letter that did not state an intent to file a claim; and, because the

release was not signed in the presence of representatives from the city's legal department and the claimant's letter did not give the required information concerning the occurrence causing the injury, it was held that the claimant had not substantially complied with the notice statute. Because the city was not apprised of the claimant's intention to bring suit, any investigation it conducted was inadequate since it was undertaken without an eye firmly cast toward potential liability and litigation.

Here, by way of contrast, the city was notified by Collier's attorney within the 180 day period of the intent to seek damages from the city in an action at law. On December 5, 1985, Collier's attorney sent notice in a letter to the city legal department, the clerk and the chief of police, which letter read in part:

RE: NOTICE OF CLAIM AGAINST INDIANAPOLIS POLICE DEPT.

Claimant: Robert L. Collier

2511 Caroline

Indianapolis, Indiana 46218

Dear City Officials:

Please be advised that Mr. Collier hereby provides Notice of Claim for injuries sustained during an arrest by the Indianapolis Police Department. The officers involved were:

1. M. Prater # 3480

2. Richie Collins # 5078

Mr. Collier will seek damages sufficient to compensate him for medical treatments required as a result of the injuries sustained during his arrest. The claim will also encompass or seek recovery for time lost from work as well as for inconvenience, pain and suffering.

The exact amount of Mr. Collier's claim cannot be ascertained at present, however, will be subject to immediate determination at the conclusion of his course of treatment for the injuries sustained.

Unlike *Satz*, the threshold requirement of notifying the city of an intent to take legal action was met here. It is therefore appropriate to consider whether the above information reasonably afforded the city an op-

portunity to investigate the impending claim.

 The appellees cite various cases from the Court of Appeals, *Orlowski v. City of South Bend* (1985), Ind.App., 482 N.E.2d 1380; *Burggrabe v. Board of Public Works* (1984), Ind.App., 469 N.E.2d 1233; *Mills v. American Playground Device Co.* (1980), Ind.App., 405 N.E.2d 621, to support their argument that substantial compliance is determined by whether certain skeletal information is contained in the notice of claim. They maintain this required minimal information is the nature of the claim, the place of the injury and the party injured. Our cases do not prescribe such a rule. In fact, the essence of substantial compliance is that it rejects such a formalistic approach. The crucial consideration is whether the notice supplied by the claimant of his intent to take legal action contains sufficient information for the city to ascertain the full nature of the claim against it so that it can determine its liability and prepare a defense. *Morris*, 528 N.E.2d at 471. What information is sufficient will vary depending on the facts of each case.

The notice here served the purposes of the notice statute and therefore was in substantial compliance with it. It identified Collier as the claimant, stated an intent to seek damages, noted that the damages were for injuries received during an arrest, identified the persons involved in that arrest, and explained that the full extent of his damages could not be ascertained. That Collier's attorney did not include the place or date of the event producing the injury is of no great moment here. The city needed only to contact the officers involved or the police department and have them determine from the records they are required by statute to keep, I.C. 5–14–3–5, when Collier was arrested. It is inconceivable that the same two officers would have arrested so many Robert Colliers that the city's investigation would be stymied. Just as the notice statute should not become a trap for the unwary, *Galbreath*, 253 Ind. 472, 255 N.E.2d 225, neither should it become a refuge for the unconscientious.

The appellees had all the information before them necessary to make an adequate investigation to determine their liability and prepare a defense. They failed to do so and sought protection in the formalities of the notice requirements. Allowing them protection under the circumstances here would thwart the purpose behind the notice provisions of the tort claims statute.

The decision of the Court of Appeals is vacated, the decision of the Marion Municipal Court is reversed and this case is remanded to that court for trial or other action not inconsistent with this opinion.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN and PIVARNIK, JJ., dissent.