David B. HOLTZ, Appellant
(Plaintiff Below),

v.

**BOARD OF COMMISSIONERS OF ELKHART COUNTY, Indiana,**
Appellee (Defendant Below).

No. 57A04–8905–CV–188.

Court of Appeals of Indiana,
Fourth District.

Jan. 25, 1990.

---

Charles S. Leone, Nemeth, Masters & Leone, South Bend, for appellant.

Michael F. Deboni, Randall M. Jacobs, Yoder, Ainley, Ulmer & Buckingham, Goshen, for appellee.

CHEZEM, Presiding Judge.

## Case Summary

Appellant, Holtz, appeals the trial court's entry of summary judgment in favor of Appellee, Board of Commissioners ("the Board"). We reverse.

## Issue

The sole issue for our review is whether Holtz was required under the Indiana Tort Claims Act, I.C. 34-4-16.5-1, et seq., to file a notice of tort claim prior to filing his action for retaliatory discharge.

## · Facts

On August 25, 1988, Holtz filed a complaint for retaliatory discharge against the Board in the Elkhart Superior Court. The complaint alleged that the Board had terminated his employment with the County in retaliation for his taking actions to bring to the attention of the Attorney General and the Indiana Department of Highways certain deficiencies in the bridge inspection procedure employed in Elkhart County.

Holtz was terminated from his employment on August 26, 1986. Holtz never filed a notice of tort claim with the Board. The case was subsequently venued to the Noble Circuit Court.

The Board filed a motion for summary judgment which alleged there was no genuine issue of material fact since Holtz did not file with the Board a notice of tort claim as required by the Indiana Tort Claims Act. The Board filed affidavits which established that Holtz was an employee at will and that Holtz did not file a notice of tort claim; Holtz did not controvert the affidavits.

On March 13, 1989, the trial court entered summary judgment in favor of the Board. The trial court concluded that retaliatory discharge was a claim sounding in tort rather than contract and, therefore, Holtz's claim was barred for failure to provide notice as required by the Act.

## Discussion and Decision

Since our disposition of this matter hinges upon the non-applicability of the Indiana Tort Claims Act, we do not determine whether this action would lie in tort or contract;[1] even if the action lies in tort, the Indiana Tort Claims Act does not apply to Holtz's claim.

The Tort Claims Act was enacted by the legislature in 1974, in response to the abrogation of the defense of sovereign immunity in *Campbell v. State* (1972), 259 Ind. 55, 284 N.E.2d 733. The Act grants immunity from liability for losses to governmental entities engaged in certain activities. *See* I.C. 34-4-16.5-3. Furthermore, the act requires a claimant to provide notice of a tort claim by filing such notice with the governing body of the entity and its risk management commission within one hundred eighty (180) days of the loss. I.C. 34-4-16.-5-7. The failure of a claimant to make the required filings bars recovery. *Id.*

The subject matter of the Act includes claims or suits in tort. I.C. 34-4-16.5-1. However, the act only provides immunity from liability for "losses." Section 2(e) of the statute defines a "loss" as follows:

(4) "Loss" means injury to or death of a person, or damage to property ...

A claim for retaliatory discharge is not based upon a personal injury or death. Likewise, an employee at will has no property interest in his employment. *See Wells v. Auberry* (1985), Ind.App., 476 N.E.2d 869, *reh. denied, trans. denied; Indiana Alcoholic Beverage Commission v. Gault* (1980), Ind.App., 405 N.E.2d 585. Therefore, Holtz's claim does not fall within the Tort Claims Act's definition of "loss."

The Board argues that such a reading of the statute defeats the purpose of the Act. The Board argues that section 1 of the statute controls. Section 1 reads as follows:

---

1. We note, however, that our Third District has already held that such claims sound in tort, notwithstanding a vigorous dissent by Judge Staton. *See Scott v. Union Tank Car Co.* (1980), Ind.App., 402 N.E.2d 992.

Application of chapter.—This chapter only applies to a claim or suit in tort. Burns Ind.Stat.Ann. section 34–4–16.5–1.

Section 1 is a limitation on the application the Act; it is not a statement of what is covered by the Act. To the extent that sections 1 and 2(e) conflict, as a matter of statutory construction, the specific provision must take priority over the the general provision. *Houtchens v. Lane* (1965), 246 Ind. 540, 206 N.E.2d 131. Since section 2(e) is the more specific provision, it must control.

Furthermore, our supreme court has determined that the Tort Claims Act is in derogation to common law rights and should be strictly construed against limitations on a claimant's right to bring suit. *Collier v. Prater* (1989), Ind., 544 N.E.2d 497. We hold that the Tort Claims Act does not apply to a claim for retaliatory discharge. Therefore, the notice provisions of the Act are inapplicable and Holtz's claim is not barred.

Accordingly, the judgment of the trial court is reversed and remanded for further proceedings.

CONOVER and MILLER, JJ., concurring.