**David B. HOLTZ, Appellant,**

v.

**BOARD OF COMMISSIONERS OF ELKHART COUNTY,
Indiana, Appellee.**

**No. 57S04–9010–CV–649.**

Supreme Court of Indiana.

Oct. 10, 1990.

Charles S. Leone, Nemeth, Master & Leone, South Bend, for appellant.

Michael F. DeBoni, Randall M. Jacobs, Yoder, Ainlay, Ulmer & Buckingham, Goshen, for appellee.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

In an opinion published in 548 N.E.2d 1220, the Court of Appeals reversed the trial court's granting of summary judgment to the Board of Commissioners of Elkhart County. We grant transfer in this case, set aside the opinion of the Court of Appeals, and affirm the trial court.

The facts are: On August 25, 1988, Holtz filed a complaint for retaliatory discharge against the Board. He alleged that the Board had terminated his employment with the county in retaliation for his taking actions to bring to the attention of the Attorney General and the Indiana Department of Highways certain deficiencies in the bridge inspection procedure employed in Elkhart County. Holtz never filed a notice of tort claim with the Board. The case was venued to the Noble Circuit Court where summary judgment was rendered in favor of the Board.

The motion for summary judgment alleged there was no genuine issue of material fact because Holtz did not file with the Board a notice of tort claim as required by the Indiana Tort Claims Act. Affidavits filed by the Board established that Holtz was an employee at will and that he did not file a notice of tort claim. The affidavits were not controverted. In granting summary judgment, the trial court concluded that mandatory discharge was a claim sounding in tort rather than contract and therefore Holtz' claim was barred for failure to provide notice as required by the act.

It is Holtz' position that his complaint is one sounding in contract rather than tort; thus the Tort Claims Act does not apply. He further contends that the Tort Claims Act does not apply because the definition of loss in the Tort Claims Act must be construed narrowly and when so construed does not include the loss of wages and benefits alleged in Holtz' complaint.

■ To support his position that his complaint sounded in contract, appellant cites *Brockmeyer v. Dun and Bradstreet* (1983), 113 Wis.2d 561, 335 N.W.2d 834. However, we note in that opinion the Wis-

consin Supreme Court recognized that it was taking a minority position. Holtz also cites *Bernhardt v. State* (1985), Ind.App., 479 N.E.2d 1367 and *City of Terre Haute v. Brighton* (1983), Ind.App., 450 N.E.2d 1039. However, when we examine those cases, we find that the actions brought by the plaintiffs therein were not based on the tort of retaliatory discharge but rather on breaches of express and specific contractual rights at the time of discharge.

In a case more on point with the facts in the case at bar, the Court of Appeals stated:

"It follows that the act of an employer who discharges such an employee is one 'which is intended to cause an invasion of an interest legally protected from intentional invasion,' and is, therefore, a tortious act. *Restatement of the Law, Torts 2d*, § 6, Comment a. The fact that the right invaded is one which the law has created 'in consequence of a relation which a contract has established between the parties' in no way undermines, but in fact supports, that conclusion. *See: Peru Heating Co. v. Lenhart* (1911), 48 Ind.App. 319, at 326, 95 N.E. 680, at 683.

Consequently, the trial court correctly denominated Scott's claim as one sounding in tort ...[.]" *Scott v. Union Tank Car Co.* (1980), Ind.App., 402 N.E.2d 992, 993.

We hold that the Court of Appeals was correct in its analysis of the situation in *Scott* and that the same analysis prevails in this case.

In so holding we would observe that were we to hold Holtz' cause of action sounding in contract, persons in like situations would be without remedy. It is agreed in this case that Holtz was an employee at will; he thus had no contractual right for the continuation of his employment. His only avenue of redress for retaliatory discharge of necessity must be in tort.

The question then arises: Is appellant's cause of action controlled by the Tort Claims Act, Ind.Code § 34–4–16.5–1 et seq., or is it a hybrid cause of action not governed by the Tort Claims Act? To support

his exclusion from the Tort Claims Act, appellant cites the definition section of Ind. Code § 34–4–16.5–2(e), which states:

> " 'Loss' means injury to or death of a person, or damage to property;"

■ Appellant takes the position that this clause must be strictly construed. Appellant is correct in his observation that a statute such as the Tort Claims Act, which is in derogation of the common law, must be strictly construed. *Stayner v. Nye* (1949), 227 Ind. 231, 85 N.E.2d 496. We therefore are compelled to construe the Tort Claims Act strictly.

■ We turn first to the definition of "property." *Black's Law Dictionary* (5th ed. 1979) defines "property," *inter alia:*

> "The word is also commonly used to denote everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal; everything that has an exchangeable value or which goes to make up wealth or estate."

In 63A Am.Jur.2d *Property* § 2 (1984), we find the following:

> "Ownership, something to which a person has legal title; that which one owns, goods or lands owned, ownership or right of possession, enjoinment or disposal of anything, especially of something tangible; that which belongs exclusively to one, a term extending to every species of valuable right and interest; the unrestricted and exclusive right to a thing, the right to dispose of it in every legal way, to possess it, use it, and to exclude everyone else from interfering with it, that is, the exclusive right of possessing, enjoying, and disposing of a thing."

*See also Department of Financial Institutions v. General Finance Corporation* (1949), 227 Ind. 373, 86 N.E.2d 444.

To aid us in our interpretation, we turn to appellant's complaint. We find in rhetorical paragraph ten of that complaint the following:

> "That plaintiff has been damaged by the wrongful actions of the defendant and has lost wages and fringe benefits for which he should be compensated."

The above is the only statement in appellant's complaint where he articulates the damage which he has suffered. Reason dictates that we must interpret the language above to claim a property right in lost wages and fringe benefits. To interpret otherwise would be to leave the sentence meaningless.

The Court of Appeals states that it is not making a determination as to whether the action lies in tort or contract, but states that even if they assume the action lies in tort, the Tort Claims Act does not apply to Holtz' claim.

Holtz takes the position that the type of action must be determined by the plaintiff in the lawsuit. He maintains that in his case his prayer for relief sounds in contract; thus the Tort Claims Act does not apply. However, when we examine the wording of his complaint as quoted above, we must then turn to the definition of "tort" where we find, *inter alia,* the following:

> "A legal wrong committed upon the person or property independent of contract. It may be either (1) a direct invasion of some legal right of the individual; (2) the infraction of some public duty by which special damage accrues to the individual; (3) the violation of some private obligation by which like damage accrues to the individual." *Black's, supra.*

In the case at bar, appellant sets forth as the "wrongful actions of the defendant" their unwarranted retaliatory discharge, by reason of which he lost wages and fringe benefits. When one considers the allegation in Holtz' complaint together with the definition of the terms "property" and "tort," we come to the inescapable conclusion that if persons situated similarly to Holtz are to have a remedy, it cannot be in contract, by reason of their at-will employment, but must sound in tort. We cannot interpret the Tort Claims Act as applying only to some torts.

■ Even applying the strictest construction, we find that the only logical interpretation to place upon the term "loss" in the statutory definition is to find that the legislature clearly intended to include

all torts committed against either persons or property. We hold that Holtz' allegations bring him squarely within the Tort Claims Act; thus his failure to file within 180 days notice to the Board of Commissioners of Elkhart County requires that the Board's motion for summary judgment be sustained.

The Court of Appeals opinion is set aside, and the trial court is affirmed.

SHEPARD, C.J. and PIVARNIK, J., concur.

DICKSON, J., dissents with separate opinion in which DeBRULER, J., concurs.

DICKSON, Justice, dissenting.

Although noting that the Tort Claims Act is in derogation of the common law and must be strictly construed, the majority opinion then fails to apply the proper meaning of "strictly construe." In *Collier v. Prater* (1989), Ind., 544 N.E.2d 497, 498, this Court held that statutory requirements in derogation of the common law "are to be strictly construed *against limitations on a claimant's right to bring suit*" (emphasis added). Similarly, in *Indiana State Highway Comm'n v. Morris* (1988), Ind., 528 N.E.2d 468, 473, we recognized that the Tort Claims Act "must be strictly construed and *narrowly applied*" (emphasis added).

The immunity provided by the Tort Claims Act applies only to a "loss" which is defined by Ind.Code § 34-4-16.5-2(e):

"Loss" means injury to or death of a person, or damage to property.

The plain and ordinary meaning of this definition connotes nothing more than harm to a person or property. To contort the simple phrase "damage to property" to mean "damages" to a "property right" is contrary to the plain meaning of the words and defies the rule requiring the statute to be construed against limitations on a claimant's right to bring suit.

I find the unanimous opinion of the Fourth District Court of Appeals to be fully correct and would adopt and incorporate it by reference pursuant to Ind. Appellate Rule 11(B)(3).

DeBRULER, J., concurs.