CITY OF TERRE HAUTE *v.* PIGG

[No. 16,340. Filed May 10, 1940.]

*William E. Littlefield* and *Winfield M. Fox,* both of Terre Haute, for appellant.

*James C. Stimson,* of Terre Haute, for appellee.

CURTIS, J.—This was an action brought by the appellee against the appellant to recover damages for injuries alleged to have been sustained by the appellee on February 2, 1936, by reason of the alleged negligence of the appellant City of Terre Haute, in permitting a danger-

ous condition to exist in a sidewalk in the city and failing to repair said defective condition in the sidewalk.

The original complaint was filed in the Superior Court of Vigo County to which an answer of general denial was filed by the appellant. The venue was changed on application of the appellee to the Sullivan Circuit Court, where the cause was tried and a verdict returned for the plaintiff (appellee) in the sum of One Dollar ($1.00). Later a motion of the appellee for a new trial was filed and sustained and thereafter the venue was changed, on application of the appellant, to the Greene Circuit Court and there the answer of general denial was withdrawn and a demurrer to the appellee's complaint was filed and overruled. A plea in abatement was then filed and upon the appellee's motion was stricken out. An answer in three paragraphs was then filed by appellant and on motion of the appellee the second paragraph of same was stricken out. A reply of general denial was filed to the appellant's third paragraph of answer. The cause was then tried on the issues thus made and a verdict returned for the appellee in the sum of five thousand dollars ($5,000.00). Judgment was duly rendered on the verdict. A motion for new trial was filed by the appellant and overruled. This appeal was then prayed and perfected.

The errors assigned and presented are as follows: "(1) The trial court erred in overruling appellant's demurrer to appellee's complaint."

"(3) The trial court erred in sustaining appellee's motion to strike out appellant's second paragraph of answer."

"(5) The trial court erred in overruling appellant's motion for a new trial."

Under the motion for a new trial the causes or grounds that are presented by the appellant's brief are

that the verdict of the jury is not sustained by sufficient evidence; is contrary to law; error in the refusal to give instruction numbered 5 tendered by the appellant and certain alleged errors in the rulings as to the evidence.

The major portion of the appellant's contentions center around its proposition that the notice given to the city (appellant) by the appellee of the accident which she suffered did not meet the requirements of the statute. The specific contention of the appellant in connection with the said notice is stated in the memorandum to the demurrer as follows:

> "The notice set out in plaintiff's complaint which was served on the city clerk is shown to have been signed by 'James C. Stimson, Attorney for Maxine Pigg and A. W. Pigg, husband of Maxine Pigg', and not by the party serving the same as provided by Chapter 80 of the Acts of the General Assembly of the State of Indiana for 1935, and said action cannot be maintained because of the inefficiency of said notice."

It is to be noted that no question is raised either as to the body of the notice or that it was not timely served. The only objection raised as to said notice is that it was not signed in person by the appellee and served by her.

There have been three statutes in this state relating to the giving of such notice. The first was the Acts of 1907, Chapter 153, page 249; the second, the Acts of 1933, Chapter 111, section 3, page 705 and the third the Acts of 1935, Chapter 80, section 1, page 235 (§ 48-8001, Burns' 1933 (Supp.)) which latter act is the one controling in the instant case. The said act of 1907 provided in effect that no action in damages should be maintained against any city unless written notice containing certain information as to the accident shall

be given to the mayor or clerk, without specifying who shall give the notice. The said act of 1933 provided in effect that no action should be brought against any city unless a written notice shall ". . . . be served by any person possessing any such right of action . . . or in behalf thereof by any authorized agent or attorney. Such notice shall be signed and duly verified . . . by the person so affected or by the agent or attorney serving the same." The present act (1935 supra) is more in harmony with the act of 1907 and repeals the act of 1933, supra. It provides that ". . . no action . . . shall be brought or maintained against any municipal corporation of this state unless there is first served upon either the mayor or clerk of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, a written notice of the occurrance complained of . . . (Here follows the requirements as to the body of the notice. The sufficiency of the body of the notice is not questioned in the instant case.) Such notice shall be dated and signed by the person giving the same and must be served as aforesaid. . . ."

The usual rule is that a party in cases of this kind may authorize another to sign his or her name to the notice. See *City of Huntingburg* v. *Hocker* (1921), 76 Ind. App. 435, 130 N. E. 814. In the case just cited the notice was held good under the said Act of 1907, supra, the notice being signed "Jennie P. Hocker, by R. W. Armstrong, Atty." See also *City of Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193.

In our opinion the court's ruling on the demurrer was correct. The second paragraph of answer was based solely upon the same alleged insufficiency of the

notice. There was also no reversible error in the ruling of the court in striking it out. This is especially true by reason of the fact that all proof under the said second paragraph of answer was admissable under the general denial filed in the case.

Under the motion for a new trial the appellant contends that its tendered instruction numbered 5 was erroneously refused. Said instruction contained the following language; "And unless you find that the plaintiff in this case had a notice served on the City, which had her name signed to the same, she would not be entitled to maintain this action, and your verdict should be for the defendant." We look upon this tendered instruction as somewhat ambiguous and it was correctly refused. The same point was substantially covered by other instructions given by the court, and for that reason alone there was no error in refusing it.

We have carefully examined the alleged errors in the rulings as to the evidence. We see no reversible error in the ruling permitting the appellee to testify that she authorized her said attorney to give, on her behalf, the notice to the City. It is next urged that the court erred in permitting the appellee to answer the question, "How much did your husband pay?" to which she replied, "he paid, besides mine, he paid $500.00." Of course, the appellant is correct in its contention that a husband is primarily legally bound to pay the doctor and medical bills for the treatment of his wife. The trial court recognized this to be the law, but admitted this evidence as having a bearing on the extent of the appellee's injuries. In connection with this evidence the court instructed the jury as follows:

"In assessing damages, if any, sustained by the plaintiff you are not to include any money spent or obligations incurred by her, or her husband for nursing, medical treatment, hospital, traveling, domestic help or other expenses . . . and any testimony admitted on that subject was admitted for the sole purpose of its bearing, if any, upon the extent of plaintiff's injury, if any, and not for the purpose of establishing such expenditures or obligations as an element of damages recoverable."

Under the instruction just set out we do not believe the jury was in any way misled by the said evidence.

In the motion for a new trial there is the cause or ground that the damages assessed are excessive, but this cause has been abandoned by the failure to present the same in the appellant's brief.

Other causes or grounds of the motion are that the court erred in admitting into evidence a copy of the said notice served upon the city; that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. What we said as to the ruling on the demurrer, in effect, disposes of the objection to the admission into evidence of the copy of the notice. There was certainly no error in that ruling. We have read the evidence carefully and in our opinion it abundantly sustains the verdict. We have found nothing to indicate that the verdict is contrary to law.

. Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 27 N. E. (2d) 137.