Marion B. ROSGA, individually and as Special Administratrix for Richard M. Rosga, deceased, Plaintiff-Appellant,

v.

The CITY OF HAMMOND, Indiana and the State of Indiana, Defendants-Appellees.

No. 3–485 A 99.

Court of Appeals of Indiana, Third District.

Dec. 19, 1985.

Michael A. Thill, Cohen, Foss, Schuman & Drake, East Chicago, Patrick F. Geary, Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., for plaintiff-appellant:

Joel C. Levy, Gregory R. Lyman, Singleton, Levy, Crist & Johnson, Highland, G. Richard Potter, Deputy Atty. Gen., Indianapolis, for defendants-appellees.

**GARRARD, Judge.**

This case involves a claim for personal injuries and for wrongful death asserted against the City of Hammond. Without dispute the claims are subject to the provisions of the Tort Claims Act, IC 34–4–16.5–12 *et seq.*

The trial court granted summary judgment for the city on the basis of the failure to give notice as required by IC 34–4–16.5–7.

It is undisputed that neither Rosga nor anyone authorized by her to act in her behalf gave any notice to the city within the requisite 180 days.

On the other hand, it appears that *a* notice concerning the automobile collision in which Rosga was injured and her husband was killed was timely served upon the city. That notice was signed by an attorney who represented that he was the authorized agent and attorney for the executor and administrators of three other people killed in the crash.

The caption of this notice recited that it concerned the property damage and personal injury claims of those three, "and all persons similarly situated, injured or killed" in the accident. The body of the notice mentioned Mrs. Rosga and her husband by name and that she had been injured and he had been killed. It did not, however, otherwise purport to advance a claim on behalf of Mr. or Mrs. Rosga.

■ Pointing to the fact that the statute simply calls for the filing of notice with the appropriate body, Rosga appeals urging the notice requirement has been met. We disagree.

It appears that throughout its history the governmental Tort Claims Act has periodically expressly required that notice be given by the claimant or his authorized representative and periodically the Act, as the present version, has merely spoken in terms of the requirement that notice be given.[1] Cases interpreting the statute have held that notice given by the claim-

1. The changes are reported in the opinions in *City of Gary v. Russell* (1953), 123 Ind.App. 609, 112 N.E.2d 872 and *City of Terre Haute v. Pigg* (1940), 108 Ind.App. 68, 27 N.E.2d 137.

ant's attorney or agent is sufficient. *City of Gary v. Russell* (1953), 123 Ind.App. 609, 112 N.E.2d 872; *City of Terre Haute v. Pigg* (1940), 108 Ind.App. 68, 27 N.E.2d 137. We find none, however, permitting a party to rely upon the notice of claim given by some other party for that party's claim arising out of the same occurrence.

Nor do we believe such reliance should be permitted. The city is entitled to know that the party is making a claim. Indeed, IC 34–4–16.5–10 contemplates that the city will pass on the claim and directs that it notify the claimant in writing within ninety (90) days of its approval or denial of the claim. Furthermore, IC 5–11–10–1 which applies generally to the allowance of claims by the state or any of its political subdivisions forbids payment of a claim unless its correctness has been properly certified to ·"by the claimant, or some authorized person in his behalf."

In fact, as between the claimant and the city in this case the situation most closely parallels those where a claimant has attempted to rely upon *actual* notice of the incident to avoid the necessity of giving the statutory notice. Such claims have been uniformly rejected by this court. *Board of Aviation Commr's. of St. Joseph County v. Hestor* (1985), Ind.App., 473 N.E.2d 151; *Batchelder v. Haxby* (1975), 167 Ind.App. 82, 337 N.E.2d 887.

We conclude that no notice was given by, or on behalf of, the claimant by any authorized representative, and that such notice was necessary to enable the claimant to maintain the action.

■ Rosga argues in the alternative that the notice requirement should be found to have been waived since the city did not investigate the accident upon the notice it did receive. *Delaware Co. v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190 and *Lawrence Co. Commr's. v. Chorely* (1979), Ind.App., 398 N.E.2d 694 are cited.

In the *Powell* case our Supreme Court acknowledged that the notice requirement might be waived by failure to assert the defense or through "acts or conduct" of the governmental unit. 393 N.E.2d at 191. It held that Powell's allegations that the county's insurance company contacted Powell, made payments to her totalling approximately $19,000, admitted the county's liability, and told her "they would take care of everything" were sufficient to raise a question of waiver or estoppel that should have been decided by the trial court upon a consideration of evidence.

The most expansive reading of the doctrine of waiver or estoppel appears in *Coghill v. Badger* (1981), Ind.App., 418 N.E.2d 1201 (Sullivan, J. dissenting). There, while affirming a summary judgment against the claimant, Judge Buchanan stated:

"[W]hen responsible agents or officials of a city have actual knowledge of the occurrence ... and they thereafter follow a course of action which would *reasonably lead* a claimant to conclude that a formal notice would be unnecessary, then the filing of such a notice may be said to be waived. If the claimant, as a result of such municipal conduct, in good faith fails to act, or acts thereon to his disadvantage, then an estoppel against the requirement of the notice may be said to arise.

A mere investigation by agents of a city standing alone will not necessarily have the indicated effect. The waiver or estoppel occurs when there is an investigation followed by action in relation to the claimant that would lead a reasonable person to conclude that further notice is unnecessary or causes such person to act or fail to act to his injury." (emphasis in original)

Even under that standard Rosga must fail. There is nothing in the mere act of either investigation or failure to investigate from which a trial court might reasonably infer that the governmental unit intended to voluntarily relinquish its known right to receive a sufficient notice of claim. Neither does such action or inaction constitute conduct which is calculated to mislead a claimant and induce him or her into foregoing the giving of notice. Those are the requirements in establishing waiver or es-

toppel. *See, e.g., Lafayette Car Wash, Inc. v. Boes* (1972), 258 Ind. 498, 282 N.E.2d 837.

Here the city did nothing to lead Rosga to conclude that notice would be unnecessary, nor is it contended that Rosga in reliance upon the city's conduct in good faith acted or failed to act to her detriment.

Summary judgment was proper.

Affirmed.

HOFFMAN, J., concurs.

STATON, P.J., concurs in result.