**HOWARD COUNTY BOARD OF COMMISSIONERS,**
Appellant–Defendant,

v.

**Kellie and Paul LUKOWIAK,**
Appellees–Plaintiffs.

No. 34A02–0310–CV–916.

Court of Appeals of Indiana.

June 16, 2004.

R. Christopher McGrath, Zachary J. Stock, Mandel, Pollack & Horn, P.C., Indianapolis, IN, Attorneys for Appellant.

Mark E. Kuntz, Bolinger, Bolinger & Kuntz, Kokomo, IN, Attorney for Appellees.

## OPINION

SULLIVAN, Judge.

The Howard County Board of Commissioners ("the Board") brings this interlocutory appeal from the denial of its motion for summary judgment in the action filed by Kellie and Paul Lukowiak for damages suffered as a result of an accident between Kellie and Stephen Harvey, an employee of the Howard County Corrections Department.

We affirm in part and reverse in part.

On March 28, 2001, Kellie and Harvey were involved in an automobile accident in which their vehicles collided after Harvey attempted to turn left across the path in which Kellie was driving. Eight days after the accident, John Moon, the claims representative for United Farm Family Mutual Insurance Company ("United"), which insured Kellie's vehicle, sent a document entitled "Tort Claims Notice" to the Howard County Corrections Department. Appendix at 42. The notice included a statement that United was representing Kellie and Paul Lukowiak in recovering damages suffered as a result of the accident. The notice described the extent of the loss as follows: "Kellie C. Lukowiak and Paul Lukowiak suffered property damage to his/her vehicle in the amount of $7,476.00. United Farm Family Mutual Insurance Company paid $6,976.00 and $500.00 represents our insured's deductible. It is anticipated that our insured will present medical bills for consideration." App. at 42.

On November 27, 2002, approximately twenty months after the original tort claim notice was filed, an amended notice of tort claim was filed. The amended notice included a claim for loss of consortium by Paul and for personal injury, lost wages, pain and suffering, and mental and physical injury to Kellie. On December 5, 2002, Kellie and Paul filed a complaint to recover their damages. The Board filed a motion for summary judgment claiming that the tort claim notice was filed late. Following a hearing, the court denied the motion for summary judgment.

Summary judgment is appropriate when the designated evidentiary matter reveals that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Hammock v. Red Gold, Inc.*, 784 N.E.2d 495, 498 (Ind.Ct.App.2003), *trans. denied*. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that there is an entitlement to judgment as a matter of law. *Id.* If the moving party meets these requirements, the burden then shifts to the nonmovant to establish genuine issues of material fact for trial. *Id.*

In considering an appeal from the grant or denial of summary judgment, we are bound by the same standard as the trial court. *Id.* We consider only those facts which were designated to the trial court at the summary judgment stage. *Id.* We liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact. *Id.* Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *Id.*

According to the provisions of the Indiana Tort Claims Act ("Act"), for a party to bring a claim against a political subdivision, the political subdivision must receive notice within 180 days after the loss occurs. Ind.Code § 34–13–3–8 (Burns Code Ed. Repl.1998). The notice is required to include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing of the notice. Ind.Code § 34–13–3–10 (Burns Code Ed. Repl.1998).

The main thrust of the Board's argument upon appeal is that the Lukowiaks did not properly give notice that they were seeking to file a claim against Howard County because the notice was provided by a third party who was not an agent of the Lukowiaks. In asserting this view, the Board relies upon *Rosga v. City of Hammond*, 493 N.E.2d 787 (Ind.Ct.App.1985), *trans. denied*. In *Rosga*, a notice concerning an automobile collision in which Marion Rosga was injured and her husband was killed was timely served upon the City of Hammond. However, the notice was filed by an attorney who represented that he was authorized to act as agent and attorney for the executor and administrators of three other people killed in the crash. *Id.* at 788. While the notice mentioned Rosga, it did not purport to advance a claim on behalf of her or her deceased husband. *Id.* As a consequence, this court concluded that the notice was not sufficient to support a claim filed by Rosga on behalf of herself and her husband. *Id.* at 789. In reaching that decision, this court noted that no authority existed which permitted a party to rely upon notice of a claim given by some other party. *Id.* More importantly, this court concluded that such reliance should not be permitted because the purpose of the notice requirement is for the

political subdivision to know what party is making a claim. *Id.* Rather, if notice is not given by the claimant, it must be given by the attorney or agent of the claimant. *See id.* at 788–89 (stating that case law indicates that notice is sufficient when given by the claimant's attorney or agent).

▉ The case before us is unlike *Rosga* in that in this case the notice was purported to be on behalf of the Lukowiaks. The notice specifically stated that it was being sent to notify the County that both Kellie and Paul were contemplating the recovery of damages from the County. Based upon this consideration, we conclude that the notice was appropriately given on behalf of the Lukowiaks.[1]

A second concern presented in relation to the notice is whether it provided information which was specific enough with regard to the damages Kellie and Paul claim to have suffered. The Board asserts that the notice did not state that Kellie was physically injured, but only that medical bills were anticipated. Furthermore, the Board asserts that there is nothing within the original notice which indicates that Paul intended to seek recovery for loss of consortium.

▉ The appellate courts of this State have been called upon many times to review whether the notice provided to a political subdivision as required by the Act was sufficient under the particular circumstances. Those cases have developed a common theme, that notice is sufficient if it substantially complies with the content requirements of the statute. *See, e.g., Collier v. Prater*, 544 N.E.2d 497, 499 (Ind. 1989). "What constitutes substantial compliance, while not a question of fact, but one of law, is a fact-sensitive determination." *Id.* Generally, a notice that is filed within the required time period, informs the municipality of the claimant's intent to make a claim, and contains sufficient information which reasonably affords the political subdivision with an opportunity to promptly investigate the claim will satisfy the purpose of the statute and will be held to substantially comply with the statute. *Id.*

▉ In reviewing a notice provided by a claimant to a political subdivision, the emphasis is whether the public body is sufficiently notified of the claim, able to meet it, and is not misled. *Putnam County v. Caldwell*, 505 N.E.2d 85, 87 (Ind.Ct.App. 1987). As stated by our Supreme Court in *Collier:*

"The crucial consideration is whether the notice supplied by the claimant of his intent to take legal action contains sufficient information for the city to ascertain the full nature of the claim against it so that it can determine its liability and prepare a defense. What information is sufficient will vary depending upon the facts of each case." 544 N.E.2d at 500 (citation omitted).

In *Collier*, notice was provided that Collier would "seek damages sufficient to

---

1. An issue which we do not address is whether a claims representative for an insurance company may "represent" a claimant for purposes of providing notification under the Act and whether such action results in the unauthorized practice of law as the Board asserts. If such an action results in the unauthorized practice of law, it is for our Supreme Court to enjoin such action or for a local prosecutor to seek criminal charges. *See Levy v. State*, 799 N.E.2d 71 (Ind.Ct.App.2003), *trans. denied.* In any event, the concern evinced by the Act is whether the political subdivision receives notice of the claim on behalf of an individual claimant, not whether the individual herself provides the notice of the claim. As noted in *Rosga*, it is proper for the notice to be provided by the attorney or agent of the claimant. 493 N.E.2d at 788–89. Thus, so long as the Board received notice of the claim on behalf of the Lukowiaks through their agent, we deem it appropriately provided for the purpose of the Act.

compensate him for medical treatments required as a result of the injuries sustained during his arrest."[2] *Id.* at 499. Furthermore, the notice stated that the exact amount of damages was not ascertainable at the time but would be calculated at the conclusion of Collier's treatment. *Id.* Our Supreme Court held that the notice substantially complied with the statute because it identified the claimant, stated an intent to seek damages, noted that the damages were the result of injuries incurred during an arrest, identified those involved in the arrest, and explained that the full extent of the damages could not be ascertained. *Id.* at 500.

In *Board of Trustees of Town of Winamac v. Henry,* 576 N.E.2d 614 (Ind.Ct. App.1991), *trans. denied,* this court reviewed a case in which a couple provided notice of tort claim for damages caused by flooding and the backup of raw sewage into their basement. The notice listed several specific items of damage, including the replacement of carpeting and furniture and the cost of cleanup. It also provided that the Henrys were seeking a sum totaling not less than $30,000 for losses sustained to their property and damages to their persons. *Id.* at 615–16. In their claim against Winamac, the Henrys attempted to recover for personal injuries allegedly suffered by Mr. Henry as a result of the flooding. Winamac filed a motion for summary judgment alleging that the personal injury claim was barred because it was not specifically mentioned in the notice. The trial court denied the motion. This court held that the claim was not barred because the notice was sufficient in that it noted that the Henrys had suffered damages to their persons, i.e. personal injuries. *Id.* at 617–18. This

court concluded that the notice provided adequate information that the Henrys were seeking damages for property losses and personal injuries and that it then became incumbent upon Winamac to investigate to determine what the injuries may have been. *Id.* at 618.

■ The notice given by the Lukowiaks specifically provided that they suffered damage to their vehicle and stated the amount of damages. The notice also provided that it was anticipated that medical bills would be presented to the insurance company for payment. We see no significant difference between the claims made here and those made in *Collier* and *Henry.* While the claim for personal injury was not specific in that no injury was listed, the Board was put on notice that Kellie suffered an injury in the accident and it was likely that she would seek compensation for medical treatment. Thus, the notice substantially complied with the statute and the trial court did not err in denying summary judgment in regard to the claim for medical damages for Kellie. However, the decision to allow the case to proceed for Kellie's claim for lost wages and Paul's claim for loss of consortium is not so easily affirmed.

■ There is no means by which the original notice may be construed to include a claim for Kellie's lost wages and Paul's loss of consortium. The claims as stated were for damages to an automobile and for medical costs. The trial court found that the use of the term "total damages" in the notice was sufficient to encompass the loss of consortium claim and the claim for lost wages. However, such conclusion effectively eliminates the safeguard that the political subdivision be able to ascertain the full nature of the claim against it based upon the notice. This situation before us

---

**2.** At issue in *Collier* is whether the notice was defective for failing to include the place and date of the arrest.

is unlike the facts present in *Henry* in which the claim was for damages to the person. Although the fact that a physical injury occurred and the type of injury were excluded from the notice, Winamac was provided with enough notice to know that a personal injury claim would follow and should have investigated the claim to determine the specifics of the claim. The Board was not presented with such a claim here. Rather, it was made aware that it needed to defend itself against a claim only for damages to an automobile and for medical costs for Kellie's injuries.[3] That alone may be pursued by the Lukowiaks under the original notice.

■ As previously stated, an amended notice of tort claim was filed approximately twenty months after the original which presented a claim for loss of consortium on behalf of Paul and lost wages on behalf of Kellie. Neither party effectively addressed the issue of whether the amended notice was proper. In fact, other than one statement made by the Board that the amended notice was belatedly filed, no mention was made of the amended notice upon appeal. Nonetheless, in order to determine whether the claims for lost wages and loss of consortium may survive summary judgment, we must determine whether the amended notice was properly provided by the Lukowiaks.

We have found no provision within the Act which authorizes a claimant to file an amended notice.[4] Were the amended notice filed within the required time period after the event causing the damages occurred, we perceive of no problem with allowing the amendments to be applicable to the claim. Nevertheless, in this case the amendments were not made within the required time period for filing a notice.[5] Furthermore, the changes made to the notice went to the heart of the claim; specifically, the amendments enunciated new damages not contemplated in the original notice. Given that the policy behind the Act is to provide the political subdivision with sufficient information so that it may ascertain the full nature of the claims against it, we conclude that the amendment in this case was not proper and could not be relied upon to support the claim. Thus, the claim for lost wages and loss of consortium may not survive. Partial summary judgment should have been granted in favor of the Board on those specific claims.

The denial of summary judgment is affirmed in part and reversed in part, with summary judgment granted in favor of the Board in regard to the claims for lost wages and loss of consortium. The cause is remanded to the trial court for further proceedings not inconsistent with this decision.

ROBB, J., and HOFFMAN, Sr.J., concur.

---

3. The Lukowiaks have made the assertion that because Paul's name was included as a claimant in the original notice that the Board should have investigated what his claim may have been and that they needed to provide no further information. We are not so persuaded. More is required of the claimant than to just provide his name and state that he is making a claim. Some indication of the type of claim, such as personal injury, must be given.

4. Indiana Trial Rule 15, which authorizes amendments to pleadings, is not applicable here.

5. Indiana Code § 34–13–3–8 requires that the notice be provided within 180 days after the loss occurs.