**HOWARD COUNTY BOARD OF COMMISSIONERS, Appellant–Defendant,**

v.

**Kellie and Paul LUKOWIAK, Appellees–Plaintiffs.**

**No. 34A02–0310–CV–916.**

Court of Appeals of Indiana.

Aug. 12, 2004.

---

R. Christopher McGrath, Zachary J. Stock, Mandel, Pollack & Horn, P.C., Indianapolis, IN, Attorneys for Appellant.

Mark E. Kuntz, Bolinger Bolinger & Kuntz, Kokomo, IN, Attorney for Appellees.

## OPINION ON PETITION FOR REHEARING

SULLIVAN, Judge.

Kellie Lukowiak brings this petition for rehearing, requesting that we clarify our opinion to specifically permit recovery "for pain and suffering and personal injuries." We grant this petition for rehearing solely for the purpose of clarifying what damages Kellie may seek to recover.

In her petition for rehearing, Kellie asserts that this court's prior opinion in this case, *Howard County Bd. of Comm'rs v. Lukowiak,* 810 N.E.2d 379 (Ind.Ct.App. 2004), did not address whether she would be allowed to maintain an action for pain and suffering and personal injuries because we did not specifically mention whether or not those claims would be allowed. In that decision, we concluded that the Board was "made aware that it needed to defend itself against a claim only for damages to an automobile and for medical costs for Kellie's injuries. That alone may be pursued by the Lukowiaks under the original notice." *Id.* at 384 (footnote omitted). In using that language, our intent was that Kellie could recover no more than what she requested in her tort claim notice—actual medical costs and damages to her automobile. However, to the extent that the language we employed is unclear, we address the matter.

The basis for Kellie's argument arises from our discussion of the similarities in her case and those found in *Collier v. Prater,* 544 N.E.2d 497 (Ind.1989), and *Board of Trustees of Town of Winamac v. Henry,* 576 N.E.2d 614 (Ind.Ct.App.1991), *trans. denied.* Specifically, Kellie focuses upon the phrase, "[w]e see no significant difference between the claims made here and those made in *Collier* and *Henry,*" which was used in our original opinion. 810 N.E.2d at 383.

In *Collier,* the provided notice included an advisement that not only would Collier claim damages for medical treatments but also would "seek recovery for time lost from work as well as for inconvenience, pain and suffering." 544 N.E.2d at 499. Our Supreme Court allowed Collier to seek damages for injuries received during an arrest, but it did not specifically indicate what those damages would be. Suffice it to say that it necessarily included

costs for "medical treatments" and "time lost from work as well as for inconvenience, pain and suffering."

The notice employed in *Henry* provided that the claimants had "sustained ... damages to their persons." 576 N.E.2d at 616. The notice also advised that the damages sought would total not less than $30,000. This court held that such notice was adequate to permit Mr. Henry to seek damages for injuries to his person as a result of the flooding of his basement by raw sewage. *Id.* at 617–18.

In our opinion when we said that we see no significant difference between "the claims made here and those made in *Collier* and *Henry*," we should have stated that the claims are not significantly different *insofar as the tort claim notice advises of the intent to seek some damages for injuries to the person.* That statement was not intended to permit the Lukowiaks to litigate a claim for personal injury damages other than for medical expenses because the notice, insofar as such damages were concerned, stated only that it was anticipated that Kellie Lukowiak would "present medical bills for consideration" by the Board. 810 N.E.2d at 380. The notice was therefore obviously intended to advise the Board that the damages for loss of personal property and for medical expenses would probably be sought. It was not intended to, nor did it advise that any and all damages sustained by reason of personal injury or derivative damages claims, such as loss of consortium, would be sought.

Accordingly, we grant the Petition for Rehearing for the sole purpose of clarifying that the notice given to the Board was adequate to advise that a medical expense claim with regard to Kellie's personal injuries was probable. The notice, however, was not adequate for purposes of permit-ting personal injury damages in excess of medical expenses.

ROBB, J., and HOFFMAN, Sr. J., concur.