## FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JUSTIN F. ROEBEL**
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JAMES H. YOUNG**
Young & Young
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-CT-782 |
| | ) | |
| RACHAEL BUSCHMAN, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
Cause No. 49D11-1007-CT-30321

**June 26, 2012**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

The City of Indianapolis ("the City") appeals the trial court's entry of summary judgment in favor of Rachael Buschman on the issue of the sufficiency of her tort claim notice. We reverse and remand.

**Issue**

The City raises one issue, which we restate as whether Buschman's tort claim notice was sufficient to notify the City of her personal injury claims.

**Facts**

On July 25, 2008, Buschman was rear-ended by an Indianapolis police officer on 86th Street in Indianapolis. On August 1, 2008, Buschman submitted a tort claim notice to the City. Buschman's notice included her name, address, and phone number; the time and place of the accident; the police officer's name, date of birth, and driver's license number; the accident report number; and the investigating officer's identification number. The notice also provided:

> Damage: Rear Bumper and side panels damaged, see estimate from Sam Swope. No injuries.
>
> Claim: $960.99

App. p. 19. Buschman enclosed photos, the accident report, and a damage repair estimate with her notice.

On July 9, 2010, Buschman filed a complaint against the City, alleging that as a result of the City's negligence she "suffered personal injuries, including left hip pain, right leg pain, lower back pain and herniation of her lumbar discs at L4-5." App. p. 8.

2

Buschman also alleged that she had incurred medical expenses, had lost time and earnings from work, and had endured great pain, suffering, and mental anguish.[1]

On October 28, 2010, the City filed its answer. As an affirmative defense, the City asserted that Buschman's claims were barred because her tort claim notice was insufficient. That same day, the City moved for judgment on the pleadings based on Buschman's tort claim notice. Buschman responded, relying in part on her affidavit explaining that she mailed her tort claim notice four days after the accident and that at that time she "only had soreness" and did not believe she had an injury. App. p. 52. According to the affidavit, only later did Buschman realize she had injuries from the accident and seek medical treatment. Buschman later moved for summary judgment, as opposed to judgment on the pleadings, based on the parties' references to matters outside the pleadings. Following a hearing, the trial court concluded that Buschman's tort claim notice was sufficient as a matter of law and granted summary judgment on this issue in Buschman's favor. The order was certified for interlocutory appeal, and we accepted jurisdiction over the City's appeal.

**Analysis**

The City argues that Buschman was not entitled to summary judgment because her tort claim notice did not substantially comply with the notice requirements of the Indiana Tort Claims Act (the "Act"). We review a trial court's ruling on a motion for summary judgment using the same standard applicable to the trial court. Perdue v. Gargano, 964

---

[1] The complaint initially named Buschman's husband, Jeffry, as a plaintiff and the Indianapolis Metropolitan Police Department as a defendant. Stipulations of dismissal relating to these parties were filed, leaving Buschman and the City as the only remaining parties.

N.E.2d 825, 831 (Ind. 2012). "Summary judgment is appropriate only if the designated evidence reveals 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Ind. Trial Rule 56(C)). All facts and reasonable inferences drawn from the evidence designated by the parties are construed in the light most favorable to the non-moving party. Id. "We do not defer to the trial court's determination of the law." Id.

According to the Act, for a party to bring a tort claim against a political subdivision, the political subdivision must receive notice within 180 days after a loss occurs. Howard County Bd. of Comm'rs v. Lukowiak, 810 N.E.2d 379, 381 (Ind. Ct. App. 2004) (citing Ind. Code § 34-13-3-8), clarified on reh'g, 813 N.E.2d 391. The notice:

> must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

I.C. § 34-13-3-10.[2]

Our supreme court has explained:

---

[2] Buschman makes much of the fact that a previous version of the Act required a description of, among other things, "'the nature and extent of the injury to person and loss, injury or damage, if any, to property, . . . and the nature of the damages arising to anyone therefrom . . . .'" City of Evansville v. Rieber, 179 Ind. App. 256, 258, 385 N.E.2d 217, 220 (1979) (quoting Ind. Ann. Stat. § 48-8001). She asserts that the City should not attempt to write back into the statute what the Legislature deleted. We agree with the City, however, that the current version's reference to "the extent of the loss," and "the amount of the damages sought," is another, less redundant way of saying the same thing as the previous statute. I.C. § 34-13-3-10.

a notice is sufficient if it substantially complies with the content requirements of the statute. What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination. In general, a notice that is filed within the 180 day period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonably affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

Collier v. Prater, 544 N.E.2d 497, 499 (Ind. 1989). The Collier court rejected a formalistic approach and stated that the crucial consideration is whether the notice supplied by the claimant of his or her intent to take legal action contains sufficient information for a political subdivision to ascertain the full nature of the claim against it so that it can determine its liability and prepare a defense. Id. at 500. According to Collier, "[w]hat information is sufficient will vary depending on the facts of each case." Id.

In Collier, our supreme court analyzed whether a notice that identified Collier as the claimant, stated an intent to seek damages, noted that the damages were for injuries received during an arrest, identified the persons involved in that arrest, and explained that the full extent of his damages could not be ascertained at that time was sufficient. Id. The court held that the failure to include the place or the date of the event producing the injury was of no great moment because the city needed only to contact the officers involved or the police department to obtain that information. Id. The court observed:

Just as the notice statute should not become a trap for the unwary, . . . neither should it become a refuge for the unconscientious. The appellees had all the information before them necessary to make an adequate investigation to determine their liability and prepare a defense. They failed to do so and sought protection in the formalities of the notice

5

> requirements. Allowing them protection under the circumstances here would thwart the purpose behind the notice provisions of the tort claims statute.

Id.

The City asserts that Collier is distinguishable. According to the City, Buschman's explicit denial of injuries in her notice gave the City no reason to investigate a personal injury claim or to anticipate a claim for medical expenses, lost earnings, and pain and suffering. Buschman responds by asserting that she was not required to specify the type of claim she might bring or specify the damages she might seek. She contends that the purpose of the statute was fulfilled because the City knew of her intent to make a claim and the specifics of the accident such that it could investigate, determine its possible liability, and prepare a defense.

Even if Buschman was not required to specify the claims she might bring or the amount of damages she might seek in her notice, the question before us is not whether the notice is improperly vague or open-ended regarding "the extent of the loss" or "the amount of the damages sought." I.C. § 34-13-3-10. To the contrary, Buschman's notice specifically informed the City of rear bumper and side panel damage in the amount of $960.99 and expressly stated, "No injuries." App. p. 19. Even the most liberal construction of Buschman's notice would not have put the City on notice of a potential personal injury claim.

In this regard, this case is similar to Lukowiak, which involved a notice informing the Board of claims for damages to an automobile and for medical costs. Lukowiak, 810 N.E.2d at 383. We determined that such a notice did not encompass a loss of consortium

6

claim or a claim for lost wages. Id. We reasoned that the Board was made aware that it needed to defend itself against a claim only for damages to an automobile and for medical costs and that to hold otherwise would effectively eliminate the safeguard that political subdivisions be able to ascertain the full nature of the claim against it based upon the notice. Id. at 383-84.

Although Buschman's notice indicated an intent to take legal action, it did not contain sufficient information for the City to anticipate a potential personal injury claim so that it could assess the full extent of its liability and prepare a defense. Even if, as Buschman contends, the City could not have further investigated the extent of her injuries or her injuries could have changed over time, the City might have approached its investigation of the accident or its assessment of liability differently had known it faced a potential personal injury claim in addition to the claim for damage to the vehicle.

We also disagree with Buschman's suggestion that the City had all the information it needed to investigate the claim, to determine its liability, and to prepare a defense. Unlike in Collier, there is no indication that the City had information in its own files from which it could determine that Buschman was injured in the accident. In fact, according to her affidavit, Buschman herself did not even realize the she was injured until sometime after she submitted her notice. This is not a circumstance in which the City used the Act as "a refuge for the unconscientious." Collier, 544 N.E.2d at 500.

Buschman also argues that she was not statutorily required to submit a second notice or amend her notice once she became aware of her physical injuries. We are not persuaded that by merely submitting a tort claim notice Buschman preserved all claims

7

and the ability to recover all damages that arose out of the accident. Such a holding would effectively eliminate "the extent of the loss" and "the amount of the damages sought" provisions from the notice requirement. I.C. § 34-13-3-10. Instead, we hold that, when a claimant's notice contains a specific and definitive assessment of loss, his or her recovery is limited to the loss described in the original notice. Alternatively, if, as is the case here, additional losses are discovered after the notice has been submitted, we see no reason why the claimant could not amend the original notice or submit another notice in a timely manner. See Lukowiak, 810 N.E.2d at 384 (observing that, although no provision of the Act authorizes a claimant to file an amended notice, had a timely amended notice been filed "we perceive of no problem with allowing the amendments to be applicable to the claim.").

Buschman also argues that, because the statute does not expressly require claimants to amend a notice or submit another notice upon learning of additional losses, it "is just another trap for unwary, unsophisticated or untrained citizens." Appellee's Br. p. 17. We appreciate Buschman's concerns and steadfastly favor broad access to the courts; however, this is an issue for the Legislature to resolve. Buschman's notice contained a definitive statement of her damages and an express denial of injuries. Under these circumstances, the notice was insufficient to inform the City of any potential liability for a personal injury claim regardless of the extensive details concerning the accident itself. Thus, Buschman's notice did not substantially comply with the requirements of the Act for purposes of her personal injury claim, and summary judgment in her favor on this issue was improper.

8

**Conclusion**

The trial court improperly granted summary judgment in Buschman's favor on the issue of whether her notice was sufficient to inform the City of a potential personal injury claim. We reverse and remand for further proceedings.

Reversed and remanded.

FRIEDLANDER, J., and MAY, J., concur.