ATTORNEYS FOR APPELLANT
Alexander Will
Beth Garrison
Justin F. Roebel
Jillian Spotts
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
James H. Young
Indianapolis, Indiana

**FILED**

Jun 04 2013, 10:42 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-1210-CT-598

CITY OF INDIANAPOLIS,

*Appellant (Defendant below),*

v.

RACHAEL BUSCHMAN,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49D11-1007-CT-30321
The Honorable John F. Hanley, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1108-CT-782

**June 4, 2013**

**Massa, Justice.**

This case presents a single question: when a claimant includes information in her tort claim notice beyond that required by the Indiana Tort Claims Act, may that information operate to restrict the scope of her claim? As the statute imposes no such sanction and we are bound to construe it narrowly, we answer that question in the negative.

**Facts and Procedural History**

On July 25, 2008, Officer Brian Schemenaur of the Indianapolis Metropolitan Police Department rear-ended Rachael Buschman's vehicle while driving eastbound on 86th Street near Keystone Avenue in Indianapolis. On August 1, prior to retaining counsel, Buschman submitted a tort claim notice to the City of Indianapolis. In the notice, Buschman briefly described the accident, provided her home address and telephone numbers, and listed Officer Schemenaur's name, address, birth date, and driver's license number. She included a copy of the accident report, photographs of the damage, and an estimate of the cost to repair her vehicle. The notice also included the following statements:

> Damage: Rear Bumper and side panels damaged, see estimate from Sam Swope. No injuries.
>
> Claim: $960.99

App. at 19.

On July 9, 2010, Buschman and her husband Jeffry filed a complaint against the City and the IMPD in the Marion Superior Court alleging she "suffered personal injuries, including left hip pain, right leg pain, lower back pain and herniation of her lumbar discs at L4–5" as a direct result of Officer Schemenaur's negligence. App. at 8. Jeffry brought a claim for loss of consortium.[1] The Buschmans moved for summary judgment and, after a hearing, the trial court granted their motion.

The City appealed, arguing Buschman's tort claim notice did not substantially comply with the requirements of the Indiana Tort Claims Act, Ind. Code ch. 34-13-3, because it stated "No injuries." Specifically, the City claimed "Buschman not only failed to mention an injury, she specifically misled the City into believing no personal injury claim existed." Appellant's Br. at 8. The Court of Appeals agreed and reversed the trial court, finding Buschman's "notice did

---

[1] Jeffry's claim and the Buschmans' claim against the IMPD were both subsequently dismissed by stipulation.

2

not substantially comply with the requirements of the Act for purposes of her personal injury claim, and summary judgment in her favor on this issue was improper." City of Indianapolis v. Buschman, 970 N.E.2d 757, 761 (Ind. Ct. App. 2012).

We granted transfer, thereby vacating the opinion below. City of Indianapolis v. Buschman, 976 N.E.2d 1234 (Ind. 2012) (table); Ind. Appellate Rule 58(A).

**Standard of Review**

A party is entitled to summary judgment only when she "affirmatively shows that there are no genuine issues of material fact with regard to a particular issue or claim." Haegert v. Univ. of Evansville, 977 N.E.2d 924, 936 (Ind. 2012); see also Ind. Trial Rule 56(C). If the moving party makes such a showing, the burden shifts to the non-moving party to point out a genuine issue of material fact. Town of Avon v. W. Cent. Conservancy Dist., 957 N.E.2d 598, 602 (Ind. 2011). The trial court must construe all evidence and resolve all doubts in the fashion most favorable to the non-moving party. Id.

Where, as here, the facts are uncontroverted, we review the trial court's grant of summary judgment de novo. Woodruff v. Ind. Family & Soc. Servs. Admin., 964 N.E.2d 784, 790 (Ind. 2012) cert. denied, 133 S. Ct. 233 (2012). We will affirm the trial court upon any theory supported by record evidence, and we will reverse only if the trial court incorrectly applied the law to the facts. Id.

**Buschman's Notice Met the Requirements of the Indiana Tort Claims Act.**

The City argues Buschman's notice was inadequate to inform it that Buschman intended to bring a personal injury claim because the notice stated "No injuries." We disagree.

3

The purpose of the ITCA is "to advise the city of the accident so that it may promptly investigate the surrounding circumstances." Collier v. Prater, 544 N.E.2d 497, 498 (Ind. 1989). It provides that a tort claim against a municipality is barred unless the claimant provides the municipality with notice of the claim within 180 days of the loss. Ind. Code § 34-13-3-8 (2008). The notice

> must describe in a short and plain statement the facts on which the claim is based . . . [and] include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

Ind. Code § 34-13-3-10 (2008).

Like any statute in derogation of the common law, the ITCA "must be strictly construed against limitations on the claimant's right to bring suit." Hinshaw v. Bd. of Com'rs of Jay Cnty., 611 N.E.2d 637, 639 (Ind. 1993). Where a claimant's notice substantially complies with the content requirements of the statute, such that the purpose of the statute is satisfied, we will find it sufficient. Collier, 544 N.E.2d at 498–99. As we have said before, whether a notice substantially complies with the statutory requirements is a question of law dependent upon the individual facts of the case. Id. at 499. We generally will find substantial compliance where a notice is timely filed, operates to inform the municipality of the claimant's intent to pursue the claim, "and contains sufficient information which reasonably affords the municipality an opportunity to promptly investigate the claim." Id.

We note that a previous version of this statute did require "written notice," including "a brief general description of . . . the nature and extent of the injury to person . . . ." Ind. Code § 48-8001 (Burns 1963). The current statute does not include the words "the nature and extent of the injury to person." We find this persuasive evidence that the legislature, when it amended the statute, intended to remove any pre-existing requirement of specificity in regards to personal injuries. See Miller v. Walker, 655 N.E.2d 47, 49 (Ind. 1995) (Sullivan, J., dissenting) ("An

4

amendment changing a prior statute indicates a legislative intention that the meaning of the prior statute has been changed.").

Here, Buschman's notice complies with the three requirements we outlined in Collier; it was timely filed, it informed the City that she intended to pursue a claim arising out of the July 25 car accident, and it contained detailed information about that accident, including photographs and a police report. Although the notice also stated "No injuries," we note the statute no longer requires any statement regarding injuries, and we do not believe the General Assembly intended to penalize claimants for including information—even information that is ultimately found to be inaccurate—beyond what the statute requires. Thus, on these facts, we hold Buschman's notice was adequate.

Our holding today is fully consonant with Boushehry v. City of Indianapolis, 931 N.E.2d 892 (Ind. Ct. App. 2010). In that case, the claimant filed a notice of tort claim for damages relating to the City's 2003 issuance of a stop-work order. He later brought a lawsuit against the City in which he conceded his "damages claims [were] not based on the City's issuance of the stop-work orders issued in 2003" but rather on various other alleged acts "of tortuous interference with business contracts and slander of title." Id. at 897. The trial court granted the City's summary judgment motion on the ground that the claimant's notice was inadequate, and the Court of Appeals affirmed that ruling, reasoning that the claims in the complaint were not based upon the claim in the notice. Id. Here, Buschman submitted a tort claim notice regarding the July 25, 2008 collision and later brought a suit to recover for personal injuries she allegedly sustained as a result of that collision. If she had later brought a suit to recover for injuries she sustained in a different collision, or for damages arising out of a separate and independent allegedly tortious act, Boushehry would likely apply to bar that suit. Under the facts of this case, however, it does not.

The City cites Howard Cnty. Bd. of Com'rs v. Lukowiak, 810 N.E.2d 379, 384, decision clarified on reh'g, 813 N.E.2d 391 (Ind. Ct. App. 2004) in support of its argument that Buschman's notice is inadequate. In that case, the plaintiff filed a notice of tort claim after she

5

was involved in an automobile collision with a Howard County employee. Her notice described the damage to her vehicle and specified potential medical bills. Twenty months later, she filed an amended notice that included a claim for her lost wages and a claim for her husband's loss of consortium. The trial court found her original notice was adequate to apprise the county of those additional claims, but a panel of our Court of Appeals disagreed. Id. at 383–84. We note that our colleagues' decisions, while often persuasive, are not binding upon us, and we decline the City's invitation to follow the Lukowiak panel here. To the extent that our holding today conflicts with Lukowiak or any other decisional law, we disapprove it.

It may well be true, as the City argues, that "public and legislative policy support requiring notice to political subdivision of the nature of the injury to allow them to investigate and prepare defenses," Appellant's Br. at 9, and that Buschman could have amended her claim once she discovered her injuries. The statute, however, requires neither notice "of the nature of the injury" nor an amended notice. If the legislature wishes to impose either or both of these requirements, it is free to do so. We, however, are not.

Finally, to the extent the City asserts laches, waiver, or the doctrine of unclean hands should apply to bar Buschman's claim, we find its arguments are not "supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on" as required by our Appellate Rules. Ind. Appellate Rule 46(A)(8)(a). Therefore, they are waived. Reed v. Reid, 980 N.E.2d 277, 297 (Ind. 2012) ("We will not review undeveloped arguments.").

## Conclusion

We affirm the trial court's grant of summary judgment in Buschman's favor as to the adequacy of her tort claim notice and remand this case for further proceedings consistent with our opinion.

Dickson, C.J., Rucker, David, and Rush, JJ., concur.